1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

11

MAX N. CRANLEY,

                           Plaintiff,

     v.

CAROLYN W. COLVIN, Commissioner of
Social Security,

                           Defendant.

Case No. 3:14-cv-05145 KLS

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

12

13

14

15

16

17

18

Plaintiff has brought this matter for judicial review of defendant's denial of his

application for supplemental security income ("SSI") benefits.  Pursuant to 28 U.S.C. § 636(c),

Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have

this matter heard by the undersigned Magistrate Judge.  After reviewing the parties' briefs and

the remaining record, the Court hereby finds that for the reasons set forth below, defendant's

decision to deny benefits should be affirmed.

19

FACTUAL AND PROCEDURAL HISTORY

20

21

22

23

24

25

26

On March 7, 2011, plaintiff filed an application for SSI benefits, alleging disability as of

May 1, 1996, due to Tourette's syndrome, anxiety, and depression. See Administrative Record

("AR") 17, 159-65.  The application was denied upon initial administrative review and on

reconsideration. See AR 106-09, 116-19.  A hearing was held before an administrative law judge

("ALJ") on March 20, 2012, at which plaintiff, represented by counsel, appeared and testified, as

did vocational expert Susan Stewart. See AR 32-70.

ORDER - 1

1

2      On March 27, 2012, the ALJ issued a decision in which plaintiff was determined to be

3  not disabled. See AR 14-31.  Plaintiff's request for review of the ALJ's decision was denied by

   the Appeals Council on December 20, 2013, making the ALJ's decision defendant's final

4  decision. See AR 1-4; see also 20 C.F.R. § 404.981, § 416.1481. On February 25, 2014, plaintiff

5  filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. #3.  The

6  administrative record was filed with the Court on April 29, 2014. See Dkt. #10.  The parties have

7  completed their briefing, and thus this matter is now ripe for judicial review and a decision by

8  the Court.

9

10      Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for

11  payment of benefits or, in the alternative, further administrative proceedings, because the ALJ

12  erred: (1) in determining plaintiff's severe impairments at step two; (2) in failing to find plaintiff

13  met listing 12.04 and 12.06; (3) in assessing plaintiff's residual functional capacity; and (4) in

14  finding plaintiff to be capable of performing other jobs existing in significant numbers in the

15  national economy.  For the reasons set forth below, the Court disagrees that the ALJ erred in

16  determining plaintiff to be not disabled, and therefore finds that defendant's decision should be

17  affirmed.

18

19                                            DISCUSSION

20      The determination of the Commissioner of Social Security (the "Commissioner") that a

21  claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been

22  applied by the Commissioner, and the "substantial evidence in the record as a whole supports"

23  that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v.

24  Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan,

25  772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will,

26

ORDER - 2

1    nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence

2    and making the decision.") (citing <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d

3    432, 433 (9th Cir. 1987)).

4         Substantial evidence is "such relevant evidence as a reasonable mind might accept as

5    adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation

6    omitted); <u>see also</u> <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

7    supported by inferences reasonably drawn from the record.").  "The substantial evidence test

8    requires that the reviewing court determine" whether the Commissioner's decision is "supported

9    by more than a scintilla of evidence, although less than a preponderance of the evidence is

10   required." <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence

11   admits of more than one rational interpretation," the Commissioner's decision must be upheld.

12   <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

13   sufficient to support either outcome, we must affirm the decision actually made.") (quoting

14   <u>Rhinehart v. Finch</u>, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

15   I.      The ALJ's Step Two Determination

16

17        Defendant employs a five-step "sequential evaluation process" to determine whether a

18   claimant is disabled. <u>See</u> 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  If the claimant is found

19   disabled or not disabled at any particular step thereof, the disability determination is made at that

20

21

22   _____

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that
> which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by
> substantial evidence, the courts are required to accept them.  It is the function of the
> [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
> not try the case de novo, neither may it abdicate its traditional function of review.  It must
> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
> rational.  If they are . . . they must be upheld.

<u>Sorenson</u>, 514 F.2d at 1119 n.10.

ORDER - 3

1    step, and the sequential evaluation process ends. See id.  At step two of the evaluation process,

2    the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520, § 416.920.  An

3    impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical

4    abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c), § 416.920(a)(4)(iii), (c);

5    see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1.  Basic work activities are

6    those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b);

7    SSR 85- 28, 1985 WL 56856 *3.

8

9        An impairment is not severe only if the evidence establishes a slight abnormality that has

10   "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL

11   56856 *3; see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841

12   F.2d 303, 306 (9th Cir.1988).  Plaintiff has the burden of proving that his "impairments or their

13   symptoms affect [his] ability to perform basic work activities." Edlund v. Massanari, 253 F.3d

14   1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).  The step

15   two inquiry described above, however, is a *de minimis* screening device used to dispose of

16   groundless claims. See Smolen, 80 F.3d at 1290.

17

18       Plaintiff argues the ALJ erred by failing to find depression to be a severe impairment at

19   step two.  Dkt. #12, p. 5-6.  This Court disagrees.  "[T]he existence of a medically determinable

20   physical or mental impairment must be established by medical evidence." Ukolov v. Barnhart,

21   420 F.3d 1002, 1005 (9th Cir. 2005) (quoting SSR 96-4p, 1996 WL 374187 *1).  Further, "[a]

22   'symptom' is not a 'medically determinable physical or mental impairment' and no symptom by

23   itself can establish the existence of such an impairment."  SSR 96-4p, 1996 WL 374187 *1.

24

25   Plaintiff pointed to no diagnosis or objective evidence of a depressive disorder.  Plaintiff merely

26   cited to reports of plaintiff's symptoms in the record, which he argues are consistent with

ORDER - 4

1    depressive disorder.  See Dkt. #12, pp. 5-6.  However, these symptoms alone are insufficient to

2    show a medically determinable impairment.  See SSR 96-4p, 1996 WL 374187 *1.  Plaintiff

3    failed to show the ALJ erred in failing to find depressive disorder severe at step two.

4          Regardless, plaintiff has the burden of establishing the asserted error resulted in actual

5    harm. See Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party

6
     claiming error to demonstrate not only the error, but also that it affected his "substantial rights,"
7
     which is to say, not merely his procedural rights.") (citing Shinseki v. Sanders, 556 U.S. 396,
8
9    407-09 (2009)).  The ALJ found plaintiff to have other severe mental impairments at step two

10   and found plaintiff to have multiple nonexertional limitations in the residual functional capacity

11   finding.  The plaintiff failed to show that the alleged error would change the ultimate disability

12   determination or affect plaintiff's substantial rights.  Thus, the alleged error would be harmless.

13
           In his Opening Brief, plaintiff also briefly argues the ALJ erred by failing to find
14
     plaintiff's digestive impairment to be severe at step two.  Dkt. #12, p. 11. Plaintiff pointed to a
15
16   note in the record about plaintiff's subjective complaints of abdominal pain as well as plaintiff's

17   mother's testimony regarding the pain being "life disrupting."  Id.  As discussed above, plaintiff

18   points to symptoms rather than a medically determinable impairment, which is insufficient to

19   show a severe impairment at step two.  See SSR 96-4p, 1996 WL 374187 *1.  Further, plaintiff

20   again failed to show that this impairment would result in a violation of plaintiff's substantial

21   rights, thus any error would be harmless.  See Ludwig, 681 F.3d at 1054.  The ALJ did not
22
     commit error in evaluating plaintiff's step two impairments.
23
24   II.    The ALJ's Step Three Determination

25          At step three of the sequential disability evaluation process, the ALJ must evaluate the

26   claimant's impairments to see if they meet or medically equal any of the impairments listed in 20

ORDER - 5

1   C.F. R. Part 404, Subpart P, Appendix 1 (the "Listings"). See 20 C.F.R § 416.920(d); Tackett v.

2   Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  If any of the claimant's impairments meet or

3   medically equal a listed impairment, he or she is deemed disabled. Id.  The burden of proof is on

4   the claimant to establish he or she meets or equals any of the impairments in the Listings. See

5   Tacket, 180 F.3d at 1098.  "A generalized assertion of functional problems," however, "is not

6   enough to establish disability at step three." Id. at 1100 (citing 20 C.F.R. § 404.1526).

7

8          The ALJ found plaintiff did not meet or equal any listings at step three.  AR 20.  In

9   evaluating whether plaintiff met or equaled any of the mental disorder listings the ALJ evaluated

10  plaintiff's level of restriction in his activities of daily living, social functioning, and

11  concentration, persistence, and pace as well as the existence of any episodes of decompensation.

12  AR 20-21.  The ALJ found plaintiff to have mild restriction in his activities of daily living,

13  moderate restriction in his social functioning and concentration, persistence, and pace, and found

14  the record showed no episodes of decompensation.  AR 21.  Based on this assessment, the ALJ

15  found plaintiff did not meet or equal any of the mental disorder listings.  AR 20-21.  Plaintiff

16

17  argues the ALJ erred in his step three determination and that plaintiff should have been found to

18  meet listings 12.04 and 12.06.  Dkt. #12, pp. 6-10.  This Court disagrees.

19          Plaintiff argues that the evidence of record supports more severe limitations in plaintiff's

20  activities of daily living, social function, and concentration, persistence, and pace.  Dkt. #12, pp.

21  6-10.  However, plaintiff's argument amounts to a request for the Court to reweigh the evidence

22  in the record.  It is not the job of the court to reweigh the evidence. If the evidence "is susceptible

23  to more than one rational interpretation," including one that supports the decision of the

24

25  Commissioner, the Commissioner's conclusion "must be upheld." Thomas v. Barnhart, 278 F.3d

26  947, 954 (9th Cir. 2002) (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d. 595, 599, 601

ORDER - 6

(9th Cir. 1999)).  Further, much of the evidence cited by plaintiff to support his argument is based on plaintiff's testimony, which the ALJ found incredible, a finding the plaintiff failed to challenge.

Here, the ALJ's findings at step three were supported by substantial evidence.  The ALJ noted that plaintiff was able to perform household chores and spend time with his neighbors.  AR 21.  He also noted plaintiff was found to have good concentration when tested by Dr. Chalstrom.  Id.  While plaintiff may disagree with the ALJ's evaluation of the evidence, the ALJ's interpretation of the evidence was equally rational and must be upheld.  See Thomas, 278 F.3d at 954.  The ALJ did not err in his step three determination.

III.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") [SSR] 96-8p, 1996 WL 374184 *2.  A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.  It thus is what the claimant "can still do despite his or her limitations." Id.

A claimant's residual functional capacity is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id.  However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id.  Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id.  In assessing a claimant's RFC, the ALJ also is required to discuss why the

ORDER - 7

claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

Plaintiff argues the ALJ erred in his RFC finding by not including all of plaintiff's functional limitations.  See Dkt. #12, pp. 10-12.  However, plaintiff fails to explain what additional limitations should have been included in the ALJ's RFC finding.  Plaintiff's argument appears to be based on an assumption that the ALJ committed error in evaluating the evidence of record.  Dkt. #12, p. 11.  As stated previously, plaintiff did not raise issue with the ALJ's assessment of plaintiff's credibility and plaintiff failed to show that the ALJ committed any error in evaluating the medical evidence.  As such, plaintiff has failed to show that the ALJ erred in his RFC finding and has failed to explain how the alleged error would result in harm.  See Ludwig, 681 F.3d at 1054.

IV.     The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e).  The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).  The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).  Accordingly, the ALJ's description of the

ORDER - 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted).  The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. See AR 21-22, 55-56.  In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. See AR 56-58.  Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. See AR 26-27.

Plaintiff argues the ALJ erred by not accepting the vocational expert ("VE") testimony that missing six to eight hours of work per week would make a person unemployable.  Dkt. #12, p. 12.  The VE did testify that this level of absenteeism would prevent all competitive employment.  AR 59.  However, the ALJ did not find that limitation to be supported by the medical evidence of record and did not include that limitation into his RFC finding.  AR 21-22.  As stated previously, the ALJ did not err in his RFC finding.  Once again, plaintiff is disagreeing with the ALJ's interpretation of the evidence without showing that the ALJ committed any legal error or that the ALJ's findings failed to be supported by substantial evidence.  The ALJ did not err in his step five findings or in relying on the vocational expert testimony.

CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is AFFIRMED.

//

ORDER - 9

1   DATED this 8th day of September, 2014.

2

3

4

5

Karen L. Strombom
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 10